UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **LLOYD CLUSTER, JR.,** | |
| Plaintiff, | CIVIL ACTION NO.: |
| v. | _____ |
| **MIDLAND FUNDING, LLC, MIDLAND CREDIT MANAGEMENT, INC., and ZARZAUR AND SCHWARTZ, P.C.,** | **JURY TRIAL DEMANDED** |
| Defendants. | |

**COMPLAINT**

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), as well as other state law tort claims.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4.     Plaintiff Lloyd Cluster Jr. is a natural person who resides in the City of Fairhope, County of Baldwin, State of Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.     Defendant Midland Funding, LLC, a Delaware limited liability company (hereinafter "Midland"), is a collection agency whose principal address is 8875 Aero Drive Ste. 200, San Diego, California 92123, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.     Defendant Midland Credit Management Inc., a Kansas corporation (hereinafter "MCM"), is a collection agency whose principal address is 8875 Aero Drive Ste. 200, San Diego, California 92123, and operating from an address of Department 12421 PO Box 603, Oaks, Pennsylvania 19456, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7.     Defendant Zarzaur & Schwartz, P.C., an Alabama professional corporation (hereinafter "Zarzaur") is a law firm operating from an address of 2209 Morris Avenue, Birmingham, Alabama 35202 and is a "debt collector" as that term is defined by 15 U.S.C. § 1698a(6).  Defendants Midland, MCM and Zarzaur are sometimes collectively referred to herein as "Defendants".

## FACTUAL ALLEGATIONS

8. Defendants allege that Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely a credit card debt with Bank of America.

9. Sometime thereafter, the alleged debt was allegedly assigned, placed with, or otherwise transferred to Defendants for collection from the Plaintiff.

### Initial Collection Attempts By Defendants in Violation Of FDCPA

10. On or about June 29, 2010 Defendant MCM sent a Dunning collection letter to plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a.

11. Such communication violates the FDCPA as it attempts to collect on a debt by means of using a false, deceptive or misleading representation in connection with the debt collection.  Namely, Plaintiff had no prior relationship with MCM and no proof that MCM owned a debt owed by Plaintiff or had been assigned the right to collect against any debt owed by the Plaintiff.

12. Further, Defendant MCM threatened to take an action that cannot legally be taken by threatening possible future legal action.

13. By such communication, Defendant MCM violated numerous and multiple provisions of the FDCPA including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5) and 1692f.

14. On or about May 14, 2010, Defendant MCM sent a Dunning collection letter to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2) .

15. Such communication violates the FDCPA in that it attempts to collect on a debt by using false, misleading or deceptive means in a communication to collect a debt in violation of numerous and multiple provisions of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692e, 1692e(2) and 1692f.

16. On or about September 1, 2010, Defendant Zarzaur sent a Dunning collection letter on behalf of Defendant Midland which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

17. Such communication violates the FDCPA in that it attempts to collect a debt by using false, misleading or deceptive means in a communication to collect a debt.  Namely, it is alleged that Defendant Zarzaur and Defendant Midland are attempting to collect on a debt which they have no legal right to collect, and therefore violated numerous and multiple provisions of the FDCPA including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5) and 1692f.

**Lawsuit Filed Despite Being Time-Barred By Statute of Limitations**

18.   The last activity on the alleged account took place sometime on or before February 22, 2008.

19.   Defendants Midland Funding through Defendant Zarzaur initiated suit on or about April 24, 2011, on this stale debt while knowing that it was a time-barred action under the applicable Alabama three-year statute of limitations on actions seeking recovery on an open account.

20.   By deliberately filing a state court civil lawsuit three years after any arguable statute of limitations period had expired, Defendants maliciously prosecuted this state court lawsuit, having no good faith basis to believe that they could prevail on the merits of the lawsuit, and caused Plaintiff actual damages in the form of attorney's fees and costs to defend this action.

**Commencement of Improper Lawsuit in Alabama State Court**

21.   On or about April 24, 2011, Defendants Midland and Zarzaur initiated a lawsuit upon Plaintiff in the District Court of Baldwin County, Alabama, bearing case number DV 2011-900370, by serving a summons and complaint to collect the alleged debt which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

22. Defendants, Midland and Zarzaur's service of said lawsuit upon Plaintiff violates the FDCPA by using an unfair and unconscionable means to collect on a debt. Specifically, there is no underlying account between Plaintiff and Defendants Midland and/or Zarzaur. Further, Plaintiff alleges there is no valid assignment or transfer of any alleged account of Plaintiff's to the Defendants.

23. Therefore, by initiating service upon the Plaintiff, the Defendants Midland and Zarzaur, willfully and maliciously violated numerous and multiple provisions of the FDCPA including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10) and 1692f.

### Plaintiff Has Suffered Actual Damages from Malicious Prosecution

24. As a direct and proximate result of Defendants' actions in filing a nearly $8,000.00 meritless state court lawsuit against Plaintiff, Plaintiff has suffered actual damages in the form of emotional distress, anger, anxiety, upset stomach, headaches, worry, frustration, sadness, depression, fear, and sleeplessness, among other negative emotions.

25. The attempt to collect the stale debt, which was well beyond the applicable three-year statute of limitations, through the use of a civil lawsuit is an unfair and deceptive practice, a malicious prosecution, an invasion of privacy, and a violation of numerous and multiple provisions of the FDCPA, including, but not

limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, amongst others.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION
## PRACTICES ACT 15 U.S.C. § 1692 et seq.

26.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27.   The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692, et seq.

28.   As a result of Defendants' violations of the FDCPA, Plaintiff has suffered out-of-pocket expenses and is therefore entitled to and seeking actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant, and for such other and further relief as may be just and proper.

## COUNT II
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

29.   Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

30. Defendants intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff.

31. Defendants intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt.

32. Plaintiff had a reasonable expectation of privacy in his solitude, seclusion, and or private concerns or affairs.

33. The intrusion by Defendants occurred in a way that would be highly offensive to a reasonable person in that position.

34. As a result of such invasions of privacy, Plaintiff is entitled to and seeking actual damages in an amount to be determined at trial from each Defendant, separately and severally, and for such other and further relief as may be just and proper.

## COUNT III
## MALICIOUS PROSECUTION

35. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

36. Defendants Midland and Zarzaur instigated an unjustifiable and unreasonable civil action upon Plaintiff.

37. The state court lawsuit brought by Defendants Midland and Zarzaur against Plaintiff was without probable cause and had no reasonable grounds on which to base a belief that said Defendants would prevail on the merits.

38. The state court lawsuit brought by Defendants Midland and Zarzaur against Plaintiff was instituted and prosecuted with malicious intent.

39. Plaintiff is entitled to and seeking actual and compensatory damages to be determined at trial from Defendants Midland and Zarzaur for willfully initiating and continuing a wrongful civil action against him and thereby inflicting anxiety, fear, and emotional distress on Plaintiff, as more fully alleged herein, and for such other and further relief as may be just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby respectfully demands a trial by jury.

Respectfully submitted,

 /s/ Larson D. Edge, Jr
Larson D. Edge, Jr. (ASB-9470-E67L)
Tammy C. Woolley (ASB-6204-E67T)
D.W. Grimsley, Jr. (ASB-7258-R71D)

Attorneys for Plaintiff

**OF COUNSEL:**
**WOOLLEY, EDGE & GRIMSLEY, LLC**
21 South Section Street
Fairhope, Alabama 36532
Ofc:  251-866-6747
Fax:  251-281-0369
Email:  larryedge1001@hotmail.com
        tammy766@gmail.com
        dwgrimsleyjr@me.com

**SERVE DEFENDANTS AT:**

**Midland Funding, LLC**
**c/o CSC LAWYERS INCORPORATING SVC INC**
**150 South Perry Street**
**Montgomery, Alabama 36104**

**Midland Credit Management, Inc.**
**c/o CSC LAWYERS INCORPORATING SVC INC**
**150 South Perry Street**
**Montgomery, Alabama 36104**

**Zarzaur & Schwartz, P.C.**
**c/o Ben L. Zarzaur, Registered Agent**
**2209 Morris Avenue**
**Birmingham, Alabama 35203**